```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| ERNEST CALVINO JR., | |
| Plaintiff, | |
| -against- | 20-CV-0068 (CM) |
| | ORDER OF DISMISSAL |
| DONALD TRUMP JR.; ILKA TRUMP, | |
| Defendants. | |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff brings this action *pro se*. By order dated January 21, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court dismisses this action for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*,

550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff, using the Court's general complaint form, brings this action against Donald Trump Jr. – the President's son. He claims that Defendant has conspired to harm him. Plaintiff asserts the following facts, verbatim:

> He claims that was helpebing with civil manners, that he sue a few people that cause me to be in the situation i am in, the problem is that theres a conspiracy of spying on my to steal information from me, he said that he was going to sue the people responble for the stolen information to help me we was going to work together to do the above and for future political inprovements, i never saw papel work, money and he wanted to sue the wrong Defendant saying this on hide electronic device (Audio device) he had enforceze that a few times more that 3 times, I hear that he had 550 millons to pass over to me on summer or around that time he was saying that i was medigary the lawsue money around columbus circle he was misleading me to talk to people that went there to columbus circle to talk to me, he told me approach this people and this people did not like that he did that multiple times and everthing way a lyns and etc. . . .

(ECF No. 2, 5 ¶ III.) Plaintiff seeks the return of property and monetary damages.

On January 17, 2020, Plaintiff submitted to the Court a purported amended complaint. (ECF No. 4.) But rather than submitting it to replace the initial pleading, it appears that Plaintiff filed the amended complaint to add a new defendant – Ilka Trump – and to request consolidation of this action with his case against other members of the Trump family, *Calvino v. Trump*, ECF 1:20-CV-0348, 2. As Plaintiff makes it clear that the second pleading was intended to supplement his original pleading, the Court will treat the two complaints (ECF Nos. 2, 4) together as the

2

operative complaint for this action. The Court declines to consolidate this action with *Calvino*, ECF 1:20-CV-0348.

## DISCUSSION

**A.     Frivolous Complaint**

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's pleadings cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**B.     Plaintiff's Litigation History**

Since December 17, 2019, Plaintiff has filed numerous frivolous actions in this Court. He filed this and other frivolous complaints even after the Court warned him that further vexatious or frivolous litigation in this Court will result in an order barring him from filing new actions IFP unless he receives prior permission. *See, e.g., Calvino v. Jones*, ECF 1:19-CV-11601, 3 (S.D.N.Y. Dec. 23, 2019). On January 10, 2020, the Court directed Plaintiff to show cause why he should not be barred from filing any further actions in this Court IFP without first obtaining permission from the Court to file his complaint. *See Calvino v. Fauto L.*, ECF 1:19-CV-11958, 4 (S.D.N.Y. Jan. 10, 2020).

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court consolidates Plaintiff's two complaints (ECF Nos. 2, 4) and treats them together as the operative complaint. The Court dismisses this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 22, 2020
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge